**UNITED STATES of America**

v.

**Lori DAVIS.**

**No. HAR 87–0553.**

United States District Court,
D. Maryland.

Sept. 20, 1988.

---

Breckinridge L. Willcox, U.S. Atty., Miriam Krinsky, Asst. U.S. Atty., Baltimore, Md., for plaintiff.

Thomas C. Morrow, Towson, Md., for defendant.

## MEMORANDUM AND ORDER

SMALKIN, District Judge.

This matter is now before the Court on the defendant's motion for sentencing under pre-November 1, 1987 (pre-Guideline Sentencing) law. Although the offenses of which the defendant was convicted are subject to the Sentencing Reform Act of 1984, Pub.L. No. 98–473, 98 Stat. 1987, in that they occurred, in whole or in part, after November 1, 1987, *see* Pub.L. No. 100–182, 101 Stat. 1266, the defendant wishes the Court not to proceed under the Sentencing Reform Act of 1984, but to sentence under the sentencing statutes and rules repealed by that Act effective November 1, 1987.

In *United States v. Bolding*, 683 F.Supp. 1003, 1006 (D.Md.1988), all of the judges of this Court, although having concluded that the Sentencing Reform Act of 1984 is unconstitutional, stated that it would be their policy, pending final appellate adjudication of the constitutionality *vel non* of the Act, generally to sentence under the Act (in those cases to which it temporally applies).

■ The defendant's motion, invoking such diverse authority as *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803), and the federal judge's oath of office, states that it would be inappropriate and unconstitutional for the Court to sentence her under the 1984 Act.

This Court disagrees. Although the judgment in *Bolding* was not expressly stayed, the Court's general practice of sentencing under the 1984 Act, as stated in *Bolding*, operates as a *de facto* stay of that judgment. Stays of adjudications of unconstitutionality are frequently employed in order to allow corrective action to be taken with regard to unconstitutional statutes, with the (admittedly illogical) interim result that judicial proceedings are conducted under a statute that has been declared unconstitutional. *See Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 88–89, 102 S.Ct. 2858, 2880–81, 73 L.Ed.2d 598 (1982). *See also Buckley v. Valeo*, 424 U.S. 1, 143, 96 S.Ct. 612, 693, 46 L.Ed.2d 659 (1976).

This Court perceives absolutely no reason why it should not proceed under the 1984 Act in this case. If the Act is declared unconstitutional in a final appellate adjudication, this defendant can be resentenced under the provisions of prior law. A valid reason for a departure from the general practice of sentencing under the 1984 Act would be presented if, for example, a defendant whom the Court would not be likely to imprison under prior law would be imprisoned under the 1984 Act but would be eligible for release under that Act before a final adjudication of its constitutionality could reasonably be expected. Such is certainly not the case with Ms. Davis. Given the nature of the offenses, the evidence at trial, and the contents of the presentence investigation, it is highly likely that Ms. Davis would be imprisoned even under prior law and still be serving her sentence when a final adjudication of the 1984 Act is handed down by the Supreme Court. This Court takes notice that the Supreme Court will hear argument on the 1984 Act's constitutionality in early October, 1988.

For all the reasons stated, this Court sees utterly no reason to grant the defendant's motion, and the same is hereby summarily *denied*.